**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAY -5  A 8: 28

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

| | | |
|---|---|---|
| **MIGUEL GALINDO** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-940 |
| **ASRC FEDERAL HOLDING COMPANY, LLC,** | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

Presently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). ECF No. 7. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D.Md.). For the reasons that follow, the Motion is granted.

Plaintiff Miguel Galindo, proceeding pro se, alleges that his former employer, Defendant ASRC Federal Holding Company, LLC, unlawfully discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq*. Plaintiff initiated this action by filing his Complaint on April 1, 2015. ECF No. 1. On April 15, 2015, the Court ordered that the Clerk of the Court mail completed summonses to Plaintiff. ECF No. 2. In that Order, the Court also reminded Plaintiff that, under Federal Rule of Civil Procedure 4(l), the person effecting service of the summons and Complaint must notify the clerk, through an affidavit, that service was completed. *See id.* The Court also warned that "failure to comply with this Order and effect service of process within 120 days of initiating this lawsuit could result in the dismissal of the Complaint without prejudice." *Id.* A summons was issued on April 15, 2015,

but service was not completed until August 14, 2015, a period of 121 days. ECF No. 4. On August 18, 2015, the Court issued an Order granting Plaintiff 28 days from that date to show cause why service of process had not been effected (the "Show Cause Order"). ECF No. 5. Upon realizing that service had been recently completed, the Court issued an order striking the Show Cause Order from the docket. ECF No. 6.

Rule 4(m) requires a plaintiff to serve a defendant within 120 days of the filing of a complaint.[1] If a plaintiff fails to abide by this requirement, Rule 4(m) provides that, upon a motion by the defendant, or on its own after providing the plaintiff with notice, the Court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). As Rule 4(m) has been interpreted in this Circuit, "[a] plaintiff may escape dismissal for failure to timely serve process only if she demonstrates 'good cause' for the delay." *Martinez v. United States*, 578 F. App'x 192, 193 (4th Cir. 2014) (quoting Fed. R. Civ. P. 4(m)). Thus, absent a showing of good cause, the complaint must be dismissed; "[t]he Court has no discretion to salvage the action." *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995) (citation omitted); *see also Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause."). Although dismissal pursuant to Rule 4(m) is without prejudice, that dismissal

---

[1] On December 1, 2015, the amended Rule 4(m) became effective, requiring that service be completed within 90 days of the filing of the Complaint. Because this action was initiated on April 1, 2015, the prior version of Rule 4(m), allowing 120 days for service, controls.

2

"does not . . . give the [plaintiff] a right to refile without the consequence of time defenses, such as the statute of limitations." *Mendez*, 45 F.3d at 78.[2]

"Good cause requires a showing that the plaintiff made reasonable and diligent efforts to effect service prior to the 120-day limit," *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md.), *aff'd*, 546 F. App'x 187 (4th Cir. 2013), and it may be established in a number of ways. "Good cause might be found, for instance, where a defendant is evading service, court staff misdirected a pro se plaintiff as to the appropriate procedure, or a plaintiff was unaware of the defect in service until after the deadline had passed." *Tenenbaum v. PNC Bank Nat. Ass'n*, No. CIV. A. DKC 10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (citing *Hoffman v. Baltimore Police Dep't*, 379 F.Supp.2d 778, 786 (D. Md. 2005); 4B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1137 (3rd ed. 2010 supp.)). "The common thread amongst all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule." *Id.* (citing *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.9 (D. Md. 2001)); *see also Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md.), *aff'd*, 458 F. App'x 268 (4th Cir. 2011) ("[T]he court may find good cause where the plaintiff has taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action." (citations and internal quotation marks omitted)). "[I]nadvertence or neglect of counsel," however, will not suffice to satisfy the standard of "good

---

[2] The Court recognizes that there is some debate within this district regarding whether *Mendez* remains good law. *See, e.g., Malibu Media, LLC, v. Doe*, No. CIV.A. ELH-14-1229, 2014 WL 5843363, at *3 (D. Md. Nov. 10, 2014) (citing cases and explaining that subsequent decisions have called *Mendez* into doubt). Nevertheless, even if the Court had discretion to grant an extension of time for service of process absent good cause, "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005); *see also Tenenbaum*, 2011 WL 2038550, at *6 ("The mere fact that a court *can* extend the period [for service beyond the 120-day limit] does not mean it *should*." (emphasis in original)). Here, there would be no "reasoned basis" for the Court to excuse Plaintiff's untimely service.

cause." *Braithwaite*, 160 F.R.D. at 77. Moreover, "'[p]ro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.'" *Tann*, 276 F.R.D. at 193 (quoting *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 Fed.Appx. 793, 794 (4th Cir.2010)). And "'[a] plaintiff's failure to seek an extension of time undermines the defense of good cause.'" *Id.* (quoting *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006)).

Here, it does not appear that Plaintiff took any affirmative action to effectuate service until August 12, 2015—119 days after the summons was issued by the Clerk of the Court and 133 days after the filing of the Complaint—on which date he provided the summons to a process server. *See* ECF No. 4. Plaintiff never requested an extension of time to complete service. He nevertheless argues that service was timely effectuated because it was completed within 120 days from the date that the summons was issued. ECF No. 10 at 2.[3] If the date that the summons was issued controlled, however, service would have had to have been completed by August 13, 2015, not August 14. Providing the summons and Complaint to a process server the day before that deadline would not constitute "reasonable and diligent efforts to effect service." *See Chen*, 292 F.R.D. at 293. But, in any event, the date that triggers the 120-day deadline is the filing of the complaint, not issuance of the summons. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days "after the complaint is filed"). Indeed, in the Court's April 15, 2015 Order, it informed Plaintiff that service needed to be completed "within 120 days *of initiating this lawsuit*"—not 120 days from the issuance of the summons. Any inadvertence caused by Plaintiff's misunderstanding of the Federal Rules or the Court's prior Order does not establish good cause to excuse untimely service. *See Tann*, 276 F.R.D. at 193.

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiff next argues that the Court's Show Cause Order, ECF No. 5, implicitly extended his deadline to complete service. ECF No. 10 at 2. Not so. The Court's Order granted Plaintiff 28 days to "*show cause* why service of process has not been effected." ECF No. 5 (emphasis added). Once the Court realized that service had already been completed prior to the issuance of that Order, the Show Cause Order was stuck. ECF No. 6. That Order did not alter the deadline under the Federal Rules.

Finally, Plaintiff argues that he has demonstrated good cause for his failure to timely serve Defendant. Specifically, Plaintiff indicates that the delay was caused by his attempts to obtain counsel to represent him in this case. *See* ECF No. 10 at 2–3. He further indicates that any failure to timely serve Defendant was caused by Plaintiff's "reliance on an attorney who ceased to communicate with him but who assured him he would monitor the deadline" and did not. *Id.* at 4. Plaintiff's reliance on an attorney whom he did not ultimately retain, however, is insufficient to establish good cause to extend the timeline for service. *See Braithwaite*, 160 F.R.D. at 77–78 (dismissing case for failure to serve defendant within 120 days, despite plaintiff's belief that she had obtained counsel who was to "follow whatever procedure is necessary in regard to this case," where no attorney entered an appearance on her behalf).

Accordingly, because Plaintiff has failed to demonstrate good cause for the delay in serving Defendant, Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED**, and this action is dismissed without prejudice. A separate Order follows.

Dated: May 4, 2016

GEORGE J. HAZEL
United States District Judge